EVERETT B. MOORE, ADMINISTRATOR, ESTATE OF WALTER B. MOORE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 17067.   Promulgated September 18, 1929.

*Donald Horne, Esq.*, for the petitioner.
*John D. Foley, Esq.*, for the respondent.

OPINION.

LITTLETON: Petitioner contends that the first consent, not having been signed by the Commissioner, was no consent under the statute and that the consent of December 11, 1925, is of no effect because entered into beyond the five-year period of limitation relating to assessment and collection of the deficiency under the decedent's 1918 return. Since the first consent executed by the administrator was not signed by the Commissioner, it can not be considered as having any effect on the statute of limitations. *Estate of Adrian F. Sherman,*

16 B. T. A. 786. The consent of December 11 was entered into by the parties with full knowledge of the circumstances relating to the statute of limitations and the issue here is governed by the determination of the Board in *Wells Brothers Co. of Illinois* et al., 16 B. T. A. 79, in which the Board said:

\* \* \* It may be observed that the first waiver covering the liability of the Illinois Company for the year 1917 was executed more than five years after the return was filed, and that the second waiver was not made until after the expiration of the first waiver. In the case of the Maine Company, the first waiver for 1917 was executed within the five-year period, but the second waiver was not executed until subsequent to the expiration of the first. In other words, there was as to both companies, a time when the statute of limitations had run against the 1917 taxes. But we find that on December 4, 1925, which was prior to the enactment of the Revenue Act of 1926, both companies and the respondent entered into written waivers or consents for the year in question. In *Joy Floral Co.*, 7 B. T. A. 800, the principle was laid down that waivers or consents filed subsequent to the expiration of the statutory period for assessment and collection, but prior to the Revenue Act of 1926, were valid and operated to extend the period within which assessment and collection of the tax m'ght be made. On appeal to the Court of Appeals of the District of Columbia this decision was reversed, 29 Fed. (2d) 865, apparently upon the ground that the statute did not contemplate a consent after the statutory period had expired. Since the statute related to the remedy and did not attempt to extinguish the liability as did the Revenue Act of 1926, we find no reason to limit the right of the respective parties to consent to a later determination, assessment and collection of the tax to a period prior to the expiration of the period limited by the statute. There is nothing in the evidence herein which indicates that the consents were not freely and fairly made with full knowledge of all the facts, and while we are of opinion that the question of cons'deration is immaterial, in view of the express authority granted by Congress, if it is material it is to be found in the antecedent liability. We believe this to be in conformity with the rules applied generally to statutes of limitation relating to the remedy as well as to the rule that such statutes are to be construed in favor of the Government. *Loewer Realty Co. v. Anderson*, 31 Fed. (2d) 268. In our opinion, the waivers or consents relating to the year 1917 were valid and served to extend the period for assessment and collection of the tax for that year.

See, also, *The Bradford Co.*, 14 B. T. A. 339, 344; *Frank E. Harris Co.*, 16 B. T. A. 469; *Mary S. Aldridge, Executrix,* v. *United States*, 64 Ct. Cls. 424; *Davis* v. *United States*, 27 Fed. (2d) 630. In the latter case the court said:

\* \* \* But I feel certain that the executors here, without regard to the decisions in Maine as to their authority to waive the statute in Maine, have a right to take advantage of the statutory right granted them by Congress, and that they cannot be interfered with if in their judgment it seems proper and for the best interest of the estate in their charge to waive the statute for the purpose of collecting the money due the estate. The reasoning in the case recently decided by the Court of Claims, referred to in the defendant's brief, of *Aldridge, Executrix,* vs. *United States*, appears to me to be conclusive as well whether the waiver was before or after the statute of limitations had operated.

The petitioner's plea of the statute of limitation is not well taken and is accordingly denied.

The proceeding will be restored to the calendar for hearing on the merits of other issues in due course.

Reviewed by the Board.

SMITH dissents.

———

LOVE, dissenting: I dissent from the opinion and decision in this case, and the grounds upon which I dissent are stated as briefly as possible, as follows:

(1) Limitation statutes in tax liability matters may not be construed in the same way that such statutes are applied with reference to contract liabilities.

(2) A tax liability is not a debt.

(3) A tax liability can be created only by statute; it can not be created by contract.

(4) When the bar of limitation falls, and bars the remedy which Congress provided for the enforcement of the liability, the liability ceases—that is, it is dead.

(5) A dead tax liability can no more be revitalized by contract than it could originally have been created by contract.